A.P.P. 10/3/2022 Paid $402.00 Receipt # 14660141176

FILED
OCT 03 2022
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SPITZER AUTOWORLD AKRON, LLC<br>150 East Bridge Street<br>Elyria, Ohio 44035<br><br>Plaintiff<br><br>-vs-<br><br>FCA US LLC<br>1000 Chrysler Drive<br>Auburn Hills, Michigan 48326<br><br>Defendant | CASE NO. 22 CV 1755<br><br>JUDGE **JUDGE BARKER**<br><br>Magistrate Judge Grimes Jr.<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND TO ENFORCE ARBITRATOR'S DECISION**<br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiff, Spitzer Autoworld Akron, LLC ("Spitzer") files this action for breach of contract and to enforce an arbitrator's decision issued pursuant to Section 747 of the Consolidated Appropriations Act of 2010 and for its Complaint states as follows:

**A.    Parties.**

1. Spitzer is an Ohio limited liability company with its current principal place of business in the City of Elyria, County of Lorain and State of Ohio.

2. On information, the Defendant FCA US LLC ("FCA") is a Delaware limited liability company doing business in every state in the United States, including doing business in the Northern District of Ohio, Eastern Division. Defendant has its principal place of business in Auburn Hills, Michigan.



Giardini, Poplar & Mason, LLC
520 Broadway Ave.,
3rd Floor
Lorain, Ohio 44052
P: 440.984.7012

Page 1 of 10

3. On information the Defendant is a citizen of a foreign state for purpose of determining jurisdiction under 28 U.S. Code §1332.

**B.     Jurisdiction and Venue.**

4. The Court has subject matter jurisdiction of this matter pursuant to 28 U.S. Code §1332(a)(2) as (1) this action is between a citizen of the State of Ohio and a citizen of a foreign state and (2) the amount in controversy exceeds $75,000.00. The Court further has subject matter jurisdiction as this case arises under federal law pursuant to Section 747 of the Consolidated Appropriations Act of 2010 (hereinafter "Section 747 of the Act").

5. The Court has personal jurisdiction over FCA as FCA has numerous contacts in the State of Ohio and Northern District, Eastern Division. In addition, the Letter of Intent ("LOI") referenced herein and issued by FCA to Plaintiff was issued pursuant to the order of an arbitrator dated July 23, 2010, after an arbitration which occurred in Akron, Ohio pursuant to Section 747 of the Act.

6. Venue is proper in this judicial district because FCA has numerous contacts in this judicial district, because Section 747 of the Act required the arbitrator to be qualified in the Regional Office of the American Arbitration Association where the dealership was located and because Section 747 of the Act required the arbitration under the Act to be conducted in the state where the dealership is located, which is the State of Ohio.

**C.     Background.**

7. Spitzer was a motor vehicle dealer for Chrysler LLC at the time Chrysler LLC filed for bankruptcy protection in April of 2009. Spitzer's franchise was rejected by Chrysler in bankruptcy without regard to Ohio's dealer protection laws.


Giardini, Poplar & Mason, LLC
520 Broadway Ave., 3rd Floor
Lorain, Ohio 44052
P: 440.984.7012

8. During the pendency of the Chrysler bankruptcy, Congress enacted Section 747 of the Act which required Defendant and its predecessor Chrysler Group LLC to submit to an arbitration with rejected dealers like Spitzer in order to determine if such rejected dealers should be re-instated as Chrysler brand dealers.

9. On June 23, 2010, an arbitrator for the American Arbitration Association issued a decision pursuant to Section 747 of the Act ordering Defendant to re-instate Spitzer as a Chrysler dealer in the Akron metropolitan area, specifically in the City of Green, Summit County, Ohio. A copy of the Arbitrator's Decision (entitled *Written Determination of Arbitrator*) is attached hereto as Exhibit "A" (hereinafter "Arbitrator's Decision").

10. The Act provides that if the arbitrator finds in favor of a covered dealership, including Plaintiff, a covered manufacturer, including Defendant, must provide a customary and usual letter of intent no later than seven business days following receipt of the arbitrator's decision. Defendant failed to provide Plaintiff with a letter of intent within the seven-day time period provided by the Act.

11. On October 1, 2010, 60 days after Defendant was required to issue a Letter of Intent ("LOI") to Spitzer, Defendant finally issued a Letter of Intent to Spitzer. A copy of the LOI is attached hereto as Exhibit "B".

12. The Arbitrator's Decision contained a typographical error regarding the date upon which Spitzer would be required to complete construction of its dealership in the City of Green. The typographical error resulted in the original Arbitrator's Decision requiring Spitzer to build the dealership within an unrealistic time period. The typographical error was also inconsistent with other statements in the Arbitrator's Decision that provided that the dealership must be built within 18 months.


Giardini, Poplar & Mason, LLC
520 Broadway Ave., 3rd Floor
Lorain, Ohio 44052
P: 440.984.7012

13. Defendant opposed Plaintiff's request for the arbitrator to correct its Arbitration Decision regarding the construction deadline. Despite Defendant's opposition, on July 23, 2010 the arbitrator issued a Modification and Clarification of Written Determination correcting the error in the construction deadline. A copy of the Modification and Clarification of Written Determination is attached hereto as Exhibit-C.

14. The Arbitrator's Decision (as modified and clarified) required Defendant to issue a Sales and Service Agreement to Spitzer on the condition only that Spitzer construct a new Chrysler approved facility by December 31, 2011, which deadline was extended by agreement of the parties.

15. The Defendant's LOI to Spitzer contained various conditions which were not a part of the arbitrator's decision, but which Defendant claimed were its "usual and customary" conditions for a new Chrysler dealership.

16. Included within the Defendant's LOI was a provision that before Defendant would issue its standard Sales and Service Agreement to Spitzer all "protests, lawsuits, demands for arbitration or other legal challenges seeking to block the proposed establishment at Green, Ohio, 'must be' successfully resolved and final".

17. On or about November 22, 2010, Defendant sent notice to non-party automobile dealer Fred Martin Motor Company ("Fred Martin") that it intended to establish a Spitzer dealership at 1535 Vernon Odom Boulevard in Akron, despite being well-aware that Fred Martin had contractually waived its right to protest Spitzer's dealership at both 1535 Vernon Odom Boulevard in Akron and at Green Ohio and had waived notice of and hearing regarding the same.

18. In November, 2010, Defendant also contacted the Ohio Motor Vehicle Dealer's Board in order to facilitate the filing of a protest of the establishment of Spitzer's dealership by


Giardini, Poplar & Mason, LLC
520 Broadway Ave., 3rd Floor
Lorain, Ohio 44052
P: 440.984.7012

another dealer, Falls Chrysler, Jeep, Dodge ("Falls"), which was outside of the fifteen (15)-day time limit for filing a protest provided by Ohio Revised Code §4517.50.

19. While the protests were pending, Spitzer filed suit in the Summit County Court of Common Pleas against Fred Martin for breach of contract, injunction and declaratory judgment for Fred Martin's breach of the contract wherein Fred Martin had contractually waived its right to protest Spitzer's dealership at both 1535 Vernon Odom Boulevard in Akron and at Green Ohio and had waived notice of and hearing regarding the same (the "State Court Case").

20. Although Defendant was required by Ohio law to participate and show good cause to establish Spitzer' dealership in the protest, it failed to take any steps to do so.

21. Rather than working to show good cause to establish Spitzer's dealership, Defendant instead worked with Fred Matin and Falls to try to ensure that Spitzer's dealership would never open.

22. In order to try to ensure that Spitzer's dealership would never open, Defendant worked with attorneys for Fred Martin and Falls to wrongfully procure the protests despite knowing that Fred Martin had contractually waived its protest rights and that Falls did not timely file a protest.

23. Furthermore, Defendant and its representatives, agents and attorneys colluded with representatives, agents and attorneys for Fred Martin and Falls in an attempt to prolong the protests, orchestrate a denial of the Spitzer dealership by the hearing officer and strategize to ensure that Spitzer could never open the dealership that Defendant was required to re-instate via the Arbitration Decision.


Giardini, Poplar & Mason, LLC
520 Broadway Ave.,
3rd Floor
Lorain, Ohio 44052
P: 440.984.7012

24. Defendant and its representatives, agents and attorneys also colluded with representatives, agents and attorneys for Fred Martin to assist with Fred Martin's defense of the State Court Case.

25. On October 27, 2017, Defendant filed a motion in Michigan Federal Court (in a previous case concerning the application and effect of the Act entitled *FCA US LLC and Fred Martin Motor Company v. Spitzer Autoworld Akron, LLC*, case number 2:16-cv-11186-SFC-SDD), in which Defendant moved for the Michigan Court to hold Spitzer *in contempt of court* for filing and prosecuting the State Court Case against Fred Martin.

26. Defendant was not a party to the State Court Case and had no reason to attempt to stop Spitzer from prosecuting the case other than to ultimately block Spitzer from building its dealership.

27. Defendant's Motion to *Hold Spitzer in Contempt of Court* was flatly denied by the Michigan Federal Court by Order dated June 7, 2018.

28. On July 28, 2022, the Ohio Motor Vehicle Dealer's Board issued a final decision dismissing the protests.

29. On August 18, 2022, the trial of the State Court Case concluded with a jury issuing a verdict in favor of Spitzer and against Fred Martin, finding that Fred Martin had breached the contract with Spitzer by filing its protest.

30. On July 5, 2022, Spitzer notified Defendant of its intention to construct its new Chrysler dealership facility, which Defendant had previously approved, because the protest had been resolved.


Giardini, Poplar & Mason, LLC
520 Broadway Ave.,
3rd Floor
Lorain, Ohio 44052
P: 440.984.7012

Page 6 of 10

31. On July 12, 2022, Defendant responded to Spitzer by denying that Defendant was required to issue a Sales and Service Agreement to Spitzer as Ordered by the Arbitrator and as required by the LOI issued by Defendant.

## FIRST CLAIM
(Breach of Contract)

32. Spitzer re-states all of the allegations contained in paragraphs one through 31 as if fully written herein.

33. Defendant's refusal to issue a Sales and Service Agreement to Spitzer is a violation of the Arbitrator's Decision of July 23, 2010, which specifically required Defendant to issue a Sales and Service Agreement to Spitzer provided that Spitzer construct a new facility in Green, Ohio.

34. Defendant's refusal to issue a Sales and Service Agreement to Spitzer further violates the terms of its LOI issued October 1, 2010, because all protests and lawsuits seeking to block the Spitzer dealership have been successfully resolved.

35. The breach of contract by Defendant is causing economic damage to Spitzer in the form of the value of a Chrysler franchise and for lost profits and will cause damage in the future.

## SECOND CLAIM
(Breach of Good Faith Duty to Implement the LOI)

36. Spitzer re-states all of the allegations contained in paragraphs one through 35 as if fully rewritten herein.

37. Spitzer accepted the LOI issued by Defendant in the belief that Defendant would, in good faith, defend its "usual and customary" LOI against all attempts to protest or block the re-establishment of Spitzer's Chrysler dealership in Green, Ohio.



38. Defendant had a duty to Spitzer to act in good faith and to use its best efforts to defend its notice against the protests filed by other Chrysler dealers, including Fred Martin Motor Company.

39. Instead of using its best efforts to defend its LOI to Spitzer, Defendant, in fact, engaged in a variety of bad faith actions designed to delay and ultimately thwart Spitzer's re-establishment of a Chrysler dealership in Green, Ohio.

40. The actions taken by Defendant to delay and ultimately thwart Spitzer's re-establishment of its Chrysler dealership in Green, Ohio, includes but is not limited to filing a lawsuit in Federal Court seeking to prevent Spitzer from making legal arguments against the Fred Martin protest; filing a Motion in Contempt seeking to have Spitzer held in contempt for filing a breach of contract action against Fred Martin; failing to join Spitzer in requesting the Ohio Motor Vehicle Dealers Board to rule on motions to dismiss the protests filed; making assurances to Spitzer as late as 2017 that it would defend against the Fred Martin protest, but then issuing communication to Spitzer taking a completely contrary position to the assurances it made in 2017.

41. Defendant was under a duty to perform its responsibilities under the LOI in good faith. Under Michigan law, the failure to perform a contractual duty in good faith may subject the bad faith party to an award of punitive damages.

42. Defendant's breach of its duty to act in good faith to implement its own "usual and customary" LOI has caused Spitzer to incur legal fees and costs; and delayed Spitzer from going back into business by December 31, 2011, all of which has damaged Spitzer in an amount in excess of twenty million dollars ($20,000,000.00).

### THIRD CLAIM
(Declaration of Rights under Section 747 of the Act, the Arbitrator's Decision and the LOI)



43. Spitzer re-states all of the allegations contained in paragraphs one through 42 as if fully rewritten herein.

44. Spitzer is entitled to a declaration by this Court that it has a right to the establishment of its Chrysler dealership in Green, Ohio, pursuant to Section 747 of the Act, pursuant to the Arbitrator's decision of July 23, 2010, and under the October 1, 2010 LOI.

**WHEREFORE,** Plaintiff prays for judgment against the Defendant as follows:

1. On the First Claim for damages against Defendant in an amount in excess of $75,000.00 for breach of contract the.

2. On the Second Claim for compensatory damages against Defendant in an amount in excess of $75,000.00 for breach of its good faith to implement its LOI duty and for punitive damages in an amount to be determined at trial.

3. On the Third Claim for a declaration of judgment against the Defendant requiring Defendant to issue a Sales and Service Agreement to Spitzer upon construction of a new dealership facility by Plaintiff in Green, Ohio.

4. For Plaintiff's attorney fees, expenses, costs and pre and postjudgment interest.

5. For such other and further relief as the Court deems just and equitable.

Respectfully submitted,

/s/Anthony B. Giardini
Anthony B. Giardini (0006922)
Erin N. Poplar (0071312)
Daniel D. Mason (0055958)
Giardini, Poplar & Mason, LLC
520 Broadway, Third Floor
Lorain, Ohio 44052
Ph. 440-984-7012
Fax 440-984-7525

Giardini, Poplar & Mason, LLC
520 Broadway Ave.,
3rd Floor
Lorain, Ohio 44052
P: 440.984.7012

Page **9** of **10**

Email: agiardini@gpmplaw.com
erin@gpmplaw.com
dan@gpmplaw.com
Counsel for Plaintiff Spitzer Autoworld Akron

## JURY DEMAND

Plaintiff demands a trial by jury on all claims by Plaintiff which are subject to jury trial including the First and Second Claims.

/s/Anthoy B. Giardini
Anthony B. Giardini (0006922)
Counsel for Plaintiff Spitzer Autoworld Akron


Giardini, Poplar & Mason, LLC
520 Broadway Ave.,
3rd Floor
Lorain, Ohio 44052
P: 440.984.7012